23-537

Mark S. Scheffer, Esquire
**LAW OFFICES OF MARK S. SCHEFFER**
P.O. Box 111
Birchrunville, PA  19421                                               Attorney for Plaintiff
(610) 915-8351

---

## IN THE UNITED STATES DISTRICT  COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NANCY REBAK | : | CIVIL ACTION |
| | : | |
| v. | : | NO. |
| | : | |
| UNITED AIRLINES, INC. | : | JURY TRIAL DEMANDED |

### COMPLAINT

1.      Plaintiff, Nancy Rebak, is a citizen of the United States of America residing in therein at 293 Old Toms River Road, Brick, New Jersey 08273.

2.      Plaintiff worked for Defendant and its predecessors for over 38 years,  at all times pertinent to this action was employed by Defendant as a Flight Attendant, with her last base of operations being in Newark, NJ.

3.      Defendant, United Airlines, Inc., operates a commercial airline and is incorporated in the State of Delaware, with its headquarters at 233 S. Wacker Dr, Chicago, IL 60606.

4.   The causes of action set forth in this Complaint arise under the Family and Medical Leave Act of 1993 ("FMLA"),  as amended, 29 U.S.C. §2601 *et seq.*, and the New Jersey Law Against Discrimination, 10:5-1 *et seq.* ("NJLAD").

5.      The District Court has jurisdiction over this action pursuant to 28 U.S.C.  §§1331 and 1367, and venue is appropriate in this District pursuant to 28 U.S.C.  §1391(b).

1

6.     At all times material hereto, Defendant acted by and through its authorized agents, servants, workers and/or employees acting in the scope of their employment with Defendant and in furtherance of Defendant's business.

7.     Until her termination, Plaintiff had a clean record of employment, and had not received any performance or attendance discipline during her over 38 years of service.

8.     During her career with Defendant and its predecessors, Plaintiff also had never failed a DOT random drug test, nor was she ever required to take a drug test upon reasonable suspicion of drug use.

9.     In December of 2020, Plaintiff was seriously ill and exercised her rights under the FMLA to go out on sick leave.

10.     Plaintiff was out on FMLA leave from approximately December 20, 2020 through January 07, 2021, and returned to work thereafter.

11.     On or about April 23, 2021 Plaintiff was pulled from a scheduled flight and informed that she was under investigation.

12.     At an investigatory meeting via Zoom on April 23, 2020, company representative Mary Catherine Buesing questioned Plaintiff regarding the circumstances of her FMLA leave, and falsely accused her of calling out sick from illegal drug use, and claimed that she abused her rights under the FMLA.

13.     On May 18, 2020, Plaintiff was informed that her employment was terminated.

14.     Plaintiff's termination was motivated by false claims that she had abused her FMLA leave for absences unrelated to her serious health condition under the FMLA, and by a false claim that she had violated Defendant's guidelines and policies by using illegal drugs.

2

15.    As a direct and approximate result of Defendant's unlawful termination of her employment, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, upset, emotional anguish, loss of life's pleasures, attorneys, fees and costs.

### Count I (FMLA)

16.    Plaintiff incorporates herein the allegations of paragraphs 1 through 15 above.

17.    Plaintiff was qualified for, and entitled to, the protections of the FMLA for her leave of absence in December 2021 and January of 2021 for a serious illness within the meaning of the FMLA.

18.    Defendant terminated Plaintiff for exercising her rights under the FMLA, and it used her FMLA leave as a negative factor in deciding to terminate her employment.

19.    As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has sustained the injuries, losses and damages alleged herein.

### Count II (NJLAD)

20.    Plaintiff incorporates herein the allegations of paragraphs 1 through 15 above.

21.    Defendant falsely perceived Plaintiff as an individual with a disability resulting from drug use, and terminated her employment based at least in part on that perception.

22.    By the above referenced actions, Defendant has violated the NJLAD.

23.    As a direct and proximate result of Defendant's violation of the NJLAD, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings, loss of earning capacity, loss of benefits, attorneys' fees and costs.

3

**RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(a)    declaring Defendant's actions to be in violation of the FMLA and the NJLAD;

(b)    awarding compensatory damages to Plaintiff to make Plaintiff whole for all lost earnings, past and future, which plaintiff has suffered as a result of Defendant's improper and discriminatory treatment, including, but not limited to, past and future wages, lost earning capacity, lost benefits, pain and suffering, emotional anguish, and loss of life's pleasures;

(c)    awarding Plaintiff costs of this action, together with reasonable attorneys' fees;

(d)    awarding Plaintiff liquidated and/or punitive damages and such other damages as are appropriate under the FMLA and the NJLAD;  and,

(e)    granting such other and further relief as the court deems appropriate.


Respectfully submitted,

Mark S. Scheffer, Esquire
P.O. Box 111
Birchrunville, PA 19421
(610) 915-8351
Email:  marksscheffer@gmail.com


Attorney for Plaintiff

4