## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NANCY REBAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 23-537-JLH |
| | ) | |
| UNITED AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

1.  Pending before the Court is Defendant United Airlines, Inc.'s ("United's") motion to transfer this action to the United States District Court for the District of New Jersey. (D.I. 12.) The Motion has been fully briefed. (D.I. 13, 14, 15, 16, 17, 19, 20.) For the reasons set forth below, it will be GRANTED.

2.  Section 1404(a) of Title 28 provides (in pertinent part) that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). In evaluating a motion to transfer, the Court must first determine whether the case could have been brought in the district to which the movant wishes to transfer. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). If so, the Court then considers the non-exclusive list of twelve factors set forth in *Jumara* in determining whether to transfer. Six of those interests are private in nature:

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (internal citations omitted). The other six are public in nature:

> [7] the enforceability of the judgment; [8] practical considerations that could make the trial easy, expeditious, or inexpensive; [9] the relative administrative difficulty in the two fora resulting from court congestion; [10] the local interest in deciding local controversies at home; [11] the public policies of the fora; and [12] the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879–80 (internal citations omitted). Factor [1] is usually given "paramount consideration." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *see also Jumara*, 55 F.3d at 879 (explaining that the plaintiff's choice of venue "should not be lightly disturbed" (citations omitted)).

3. The parties do not dispute that this action could have been brought in the District of New Jersey, which is where Plaintiff lives, where Defendant operates the airport hub to which Plaintiff was assigned during her employment, and where all of the events relevant to this lawsuit took place.

4. The *Jumara* factors weigh heavily in favor of transfer. Factor [1] weighs against transfer. But factors [2] and [3] weigh strongly in favor of transfer, as the events giving rise to the claim happened in New Jersey, and Defendant prefers to litigate there. Factor [4] slightly favors transfer, as Plaintiff lives in New Jersey. As for Factors [5] and [8], the record reflects that there are no witnesses in Delaware but there are multiple relevant witnesses not employed by Defendant that are located in New Jersey, as well as witnesses that are employed by Defendant in New Jersey; those factors weigh strongly in favor of transfer. Factors [6], [7], [9], and [11] are neutral. Factors [10] and [12] favor transfer, as the case arose from Plaintiff's employment in New Jersey, and Plaintiff's only state law claim arises under New Jersey state law. Having considered the relevant factors, the Court will exercise its discretion to transfer this matter to the District of New Jersey.

     5.     The Clerk of Court shall transfer this action to the United States District Court for the District of New Jersey.

February 4, 2025

                                                                           _____
                                                                           Jennifer L. Hall
                                                                           United States District Judge